UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INSUREANCE COMPANY OF THE STATE OF PENNSYLVANIA, | ) ) ) |
| Plaintiff, | ) No. 12 C 04713 ) ) |
| v. | ) ) Judge Edmond E. Chang |
| OCÉ-USA HOLDINGS, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Insurance Company of the State of Pennsylvania (ISOP) filed this action against Océ-USA Holdings, Inc. seeking a declaration that it has no duty to defend or indemnify its insured, Océ, in connection with a lawsuit filed in the U.S. District Court for the Northern District of Illinois encaptioned *Krase v. Océ-USA Holdings, Inc.*, No. 11 C 7659 ("Underlying Lawsuit").[1] The Underlying Lawsuit arises from Océ's alleged failure to uphold its duties and obligations as an employee welfare benefit plan sponsor and administrator under the Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* In this insurance coverage dispute, ISOP

---

[1]This Court has subject matter jurisdiction under 28 U.S.C. § 1332. Specifically, Plaintiff ISOP is a citizen of Pennsylvania and New York because it is incorporated in Pennsylvania and has its principal place of business in New York. R. 9, Am. Compl. ¶ 2. Defendant Océ is a citizen of Delaware and Illinois because it is incorporated in Delaware and has its principal place of business in Illinois. *Id.* ¶ 3. The amount in controversy requirement is satisfied because the potential cost of both defending and indemnifying Océ in the Underlying Lawsuit exceed $75,000, which is not a "legally impossible" amount given the fact that Krase seeks $226,000 in life insurance benefits in the Underlying Lawsuit. *Back Doctors Ltd. v. Metro. Property & Cas. Ins. Co.*, 637 F.3d 827, 829 (7th Cir. 2011); *see also* Am. Compl. ¶ 17.

argues that it need not defend or indemnify Océ in the Underlying Lawsuit because the ISOP Policy contains an ERISA Exclusion. ISOP now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). R. 13.[2] For the reasons explained below, ISOP's motion is denied.

## I. Background

### A. The ISOP Policy

ISOP issued a commercial general liability insurance policy to Océ in 2008, which was effective from December 1, 2008 to December 1, 2009. R. 9-2, Pl.'s Exh. B (ISOP Policy). The Policy contains an Employee Benefits Liability Insurance Endorsement, which does provide for insurance coverage for Océ's administration of its employee benefit program:

> COVERAGE – EMPLOYEE BENEFITS LIABILITY
>
> We will pay the Insured for those sums which the Insured shall become legally obligated to pay as damages because of any "claim" made against the Insured due to any "Wrongful act" of the Insured, or any other person for whose acts the Insured is legally liable, in the "administration" of the "employee benefit program" of the Insured.
>
> Except with respect to the Retained Limit as indicated in Item 2 of the Additional Declarations, we have the right and duty to defend any suit against the Insured seeking damages on account of such negligent act, error or omission, even if any of the allegations of the suit are groundless, false or fraudulent, and we may make such investigation and settlement of any "claim" or suit as we deem expedient. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply.

---

[2]Citations to the docket are indicated by "R." followed by the docket entry.

ISOP Policy, Empl. Benefits End. ¶ A.1.a. But the Policy also contains an exclusion entitled, "ERISA," which excludes coverage for:

> Damages for which any insured is liable because of liability imposed on a fiduciary by the Employee Retirement Income Security Act of 1974, as now or hereafter amended, or by any similar federal, state or local laws.

*Id.* ¶ A.2.g. The sole dispute in this lawsuit is whether ISOP has a duty to defend and indemnify Océ in the Underlying Lawsuit, or instead does the Policy's ERISA Exclusion apply.

## B. The Underlying Lawsuit

In October 2011, Donald Krase, on behalf of his late wife Sandra Hansen-Krase, filed a complaint against Océ and Life Insurance Company of North America, alleging the following: Sandra Hansen-Krase was employed by Océ and received group life insurance coverage and long term disability benefits under a group life insurance policy provided by Océ and insured and underwritten by Life Insurance Company of North America (LINA). R. 9-1, Underlying Compl. ¶¶ 1, 9. Due to a diagnosis of terminal pancreatic cancer, Hansen-Krase stopped working and was placed on disability leave on July 18, 2008. *Id.* ¶ 10. Her group life insurance coverage terminated in January 2009. *Id.* ¶ 11. Hansen-Krase alleges that Océ was obligated, under the group life insurance policy, to notify Hansen-Krase of her right to convert the policy into an individual life insurance policy. *Id.* ¶ 12. In the alternative, Océ, as the sponsor and administrator of the group life insurance plan, had a fiduciary duty to notify Hansen-Krase of the availability of a "Terminal Illness Benefit" (a payment

3

made if an insured is determined to be terminally ill) provided for in the group life insurance policy. *Id.* ¶¶ 8, 12. Neither Océ nor LINA provided that notice. *Id.* ¶ 16.

On January 19, 2009, Océ sent a letter to Hansen-Krase informing her of her conversion rights under the policy, but failed to mention the terminal illness benefit. *Id.* ¶ 13. But because the letter was sent via a private courier and was misdirected, neither Hansen-Krase nor her husband received the letter within the time allowed to convert coverage. *Id.* Hansen-Krase died due to pancreatic cancer on April 9, 2009 without ever converting the group life insurance policy to an individual life insurance policy or receiving the terminal illness benefit. *Id.* ¶¶ 15, 17.

In July 2009, Donald Krase, the surviving spouse of Hansen-Krase and the designated beneficiary of her life insurance benefits under the policy, submitted an initial claim for life insurance benefits. *Id.* ¶ 18. His request was denied by Océ, who claimed that Hansen-Krase was not covered under the policy at the time of her death. *Id.* Krase made several attempts to appeal the denial to Océ and LINA, arguing that neither he nor his wife had received notice of her conversion rights under the policy, but was met with little success. *Id.* ¶¶ 19, 20. Krase thus filed the underlying complaint alleging that he is entitled to recover the life insurance benefits due to him as the beneficiary of his wife's life insurance plan under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). *Id.* ¶¶ 4, 21. In the alternative, Krase alleges that Océ and LINA breached their fiduciary duty under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), by failing to notify Hansen-Krase of her conversion right and right to the terminal illness benefit under the policy. *Id.* ¶ 21.

4

## C. The Present Declaratory Judgment Action

In July 2012, Plaintiff ISOP filed this action seeking a declaration of ISOP's rights and obligations under the commercial general liability policy that it issued to Océ. R. 9, Am. Compl. ISOP's sole contention is that it has no duty to indemnify Océ, basing the contention on the ERISA Exclusion contained in the Policy's Employee Benefits Liability Insurance Endorsement. *Id.* ¶¶ 24-32. Specifically, ISOP contends that the ERISA Exclusion excludes coverage for the Underlying Lawsuit because Krase's claims against Océ arise solely from Océ's alleged violations of its fiduciary duties pursuant to ERISA. *Id.* ¶¶ 28-29. Because the coverage dispute turns on the interpretation of the ERISA Exclusion, which is a pure question of law, ISOP now moves for judgment on the pleadings [R. 13].

## II. Legal Standard

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). In ruling on a motion for judgment on the pleadings, the Court must "accept as true all well-pleaded allegations," *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000), and view the alleged facts in the light most favorable to the non-moving party, *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997). Judgment on the pleadings is proper if it appears beyond doubt that the non-moving party can prove no set of facts sufficient to support his claim for relief. *Id.* In ruling on a motion for judgment on the pleadings, the Court

5

considers the pleadings alone, which consist of the complaint, the answer, and any documents attached as exhibits. *Northern Indiana*, 163 F.3d at 452.

### III. Analysis

To escape a duty to indemnify and to defend Océ, ISOP relies on the ERISA Exclusion, which excludes coverage for "[d]amages for which any insured is liable because of liability imposed on a fiduciary by [ERISA]." ISOP Policy, Empl. Benefits End. ¶ A.2.g. According to ISOP, this policy language means that there is no coverage for any liability that an insured, who happens to be a fiduciary, incurs under ERISA. *See* R. 13, Pl.'s Mot. J. Pl. at 7. And, because Océ—who is a fiduciary by virtue of its status as a sponsor and administrator of an employee benefit plan governed by ERISA—faces ERISA-related liabilities in the Underlying Lawsuit, ISOP argues that it has no duty to defend or indemnify Océ under the Policy. *Id.*

### A. Duty to Defend Standard

Under Illinois law,[3] the interpretation of an insurance policy is a question of law. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1077 (Ill. 1993). An insurer's duty to defend its insured is much broader than its duty to indemnify. *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1220 (Ill. 1992). "Whether an insurer must defend the insured is a question resolved by comparing the allegations of the underlying complaint against the insured to the

---

[3]The Court must apply state substantive law in diversity cases. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Here, the ISOP Policy is silent as to which state's law governs, but because both parties assume that Illinois law governs this coverage dispute, the Court will join in that assumption. *Gould v. Artisoft, Inc.*, 1 F.3d 544, 549 n.7 (7th Cir. 1993).

insurance policy." *Conn. Indem. Co. v. DER Travel Serv., Inc.*, 328 F.3d 347, 349 (7th Cir. 2003) (citing *Lapham-Hickey Steel Corp. v. Prot. Mut. Ins. Co.*, 655 N.E.2d 842, 847 (Ill. 1995). "If the facts alleged in the underlying complaint fall within or even potentially within policy coverage, the insurer has a duty to defend its insured against the complaint." *United States Fire Ins. Co. v. Aetna Life & Cas.*, 684 N.E.2d 956, 960-61 (Ill. App. Ct. 1997) (internal quotation marks, citation, and emphasis omitted). The key "is not the legal label that the [underlying] plaintiff attaches to the [insured's] conduct, but whether that conduct as alleged in the complaint is at least arguably within one or more of the categories of wrongdoing that the policy covers." *Curtis-Universal, Inc. v. Sheboygan Emergency Med. Servs., Inc.*, 43 F.3d 1119, 1122 (7th Cir. 1994) (citations omitted). If the underlying complaint alleges several theories of recovery against the insured, the insurer is obligated to provide a complete defense to all the claims even if only one such theory falls within the potential coverage of the policy. *U.S. Fid.& Guar. Co. v. Wilkin Insulation Co.*, 578 N.E.2d 926, 930 (Ill. 1991) (citation omitted). The insurer has the burden of proving that an exclusion applies, while the insured has the burden of proving that an exception to an exclusion restores coverage. *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 347 (7th Cir. 2010) (citations omitted).

In determining whether a duty to defend exists, the underlying complaint and insurance policy must be construed liberally, resolving all doubts in the insured's favor. *Wilkin*, 578 N.E.2d at 930. "Where a policy provision is clear and unambiguous, its language must be taken in its plain, ordinary, and popular sense." *Id.* (citations and

7

quotation marks omitted). But "if the words in the policy are susceptible to more than one reasonable interpretation, they are ambiguous and will be construed in favor of the insured and against the insurer who drafted the policy." *Outboard Marine Corp.*, 607 N.E.2d at 1212 (citations omitted). With these principles in mind, the Court now considers ISOP's obligations to defend Océ against the underlying complaint.

## B. ISOP's Duty to Defend

As mentioned above, Donald Krase alleges two separate claims against Océ in the Underlying Lawsuit. First, he brings a recovery-of-benefits claim under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), on the basis that his wife had a right under the group life insurance policy to personal notification of her conversion rights. Underlying Compl. ¶ 12. Second, and in the alternative, he alleges that Océ's failure to notify his wife of either her conversion rights or the policy's Terminal Illness Benefit constituted a breach of fiduciary duty under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). *Id.* ¶¶ 12, 21.

Remember again that the ERISA Exclusion excludes coverage for "[d]amages for which any insured is liable because of liability imposed on a fiduciary by [ERISA] . . . ." ISOP Policy, Empl. Benefits End. ¶ A.2.g. In its briefs, ISOP seems to advance two different interpretations of the ERISA Exclusion's language: In its opening brief, ISOP broadly contends that the ERISA Exclusion should be read to bar coverage for *any* claims against the insured that are brought under ERISA, whether the insured is a fiduciary under ERISA or not, *see* Pl.'s Mot. J. Pl. at 7, and cites to *Cape Coral Medical Center, Inc. v. American Continental Insurance Co.*, 2000 WL 151275 (M.D. Fla. Feb.

8

4, 2000), for support. Under this interpretation, there is no coverage for either of Krase's claims because both claims are brought under ERISA. But then, in its reply brief, ISOP urges a narrower reading of the exclusion to bar coverage for any cause of action brought under ERISA against an insured who happens to be a fiduciary. *See* R. 21, Pl.'s Reply Br. at 3-4.

Neither of ISOP's propounded interpretations is tenable in light of the policy language's clear command. The ERISA Exclusion precludes coverage for "[d]amages for which any insured is liable *because of liability imposed on a fiduciary* by [ERISA]." ISOP Policy, Empl. Benefits End. ¶ A.2.g (emphasis added). Unlike the ERISA Exclusion described in *Cape Coral*, which simply—and sweepingly—excluded coverage for "[l]iability based upon [ERISA]," 2000 WL 151275, at *1, the language in ISOP's ERISA Exclusion confines the exclusion to liability "imposed on a fiduciary by [ERISA]." So *Cape Coral* does not apply here, and the Court rejects an interpretation that would sweep *all* ERISA-based liability within the ambit of the ERISA Exclusion.

ISOP's second interpretation—that coverage should be barred for any ERISA claim brought against an insured who happens to be a fiduciary, even if liability does *not* arise out of an alleged breach of fiduciary duty—is also unreasonable. In effect, ISOP wants the exclusion to read as if it excluded coverage for any ERISA claim seeking "damages imposed on a fiduciary by ERISA." But the policy language does not say that; rather, it says that there is no coverage for an action seeking "[d]amages for which any insured is liable *because of liability* imposed on a fiduciary by [ERISA]." ISOP Policy, Empl. Benefits End. ¶ A.2.g (emphasis added). Not all actions seeking

9

damages under ERISA seek damages "because of liability" for a fiduciary-duty breach; it is only fiduciary-duty breach claims that are excluded from coverage.

ISOP insists that *Just v. Accu-Turn, Inc.*, 2012 WL 1067106 (E.D. Wis. Mar. 28, 2012), is instructive in interpreting the exclusion language. There, the district court interpreted an ERISA exclusion that excluded coverage for "[l]oss for which the insured is liable because of liability imposed on a fiduciary by the Employee Retirement [Income] Security Act of 1974 . . . ." *Id.* at *3. The district court stated that "[t]his language is unambiguous. It does not exclude all ERISA claims and it does not exclude all claims arising from a breach of fiduciary duty. Rather, it excludes losses arising from a liability imposed on a fiduciary by ERISA." *Id.* at *4. Relying on the conclusion that the language was "unambiguous," *Just* held that the exclusion should be read to exclude neither all ERISA claims nor only those claims arising from a breach of fiduciary duty. Instead, the policy "excludes losses arising from a liability imposed on a fiduciary by ERISA." *Id.* at *4. It would seem, then, that the district court interpreted the policy language to exclude coverage for any ERISA claims brought against an insured who is also a fiduciary.

But another part of *Just*'s analysis suggest that, perhaps, an insured who sometimes acts as a fiduciary might *not* be excluded from coverage if the underlying lawsuit alleged that the insured committed a wrong in the insured's non-fiduciary capacity. *Just* involved similar facts to the case at hand: there, the claimant in the underlying suit brought a recovery-of-benefits claim under ERISA against his employer for failing to notify him of his COBRA rights. *Id.* at *2. The insurer then brought a

10

declaratory judgment action against the employer-insured to establish that it had no duty to defend the employer in the underlying action. *Id.* at *1. In holding that the ERISA exclusion excluded coverage, *Just* reasoned that "[the insured] came forward with no evidence that it *acted as plan administrator but not a fiduciary* when advising or failing to advise [the claimant] of his rights under COBRA and refusing payment." *Id.* at *6 (emphasis added). This reasoning suggests that whether the insured "acted as" a fiduciary had some bearing on the applicability of the ERISA exclusion. Thus, it cannot be the case that the insured's mere status as a fiduciary is dispositive in bringing the underlying complaint within the ambit of the ERISA exclusion. As *Just*'s reasoning seems to suggest, the insured must have also been *acting as* a fiduciary in the alleged wrongdoing to trigger the exclusion. So it appears that ISOP misplaces reliance on *Just* for the proposition that the ERISA Exclusion applies so long as the insured is being sued under ERISA and also happens to be a fiduciary.

It is worth repeating the pertinent exclusion language one more time: there is no coverage for a lawsuit that seeks "[d]amages for which any insured is liable because of liability imposed on a fiduciary by [ERISA] . . . ." ISOP Policy, Empl. Benefits End. ¶ A.2.g. Contrary to ISOP's proffered interpretations, the Court concludes that the plain and ordinary meaning of the policy's ERISA Exclusion is that it excludes only those ERISA claims that allege a breach of fiduciary duty under ERISA. This is so because the limiting phrase, "because of liability imposed on a fiduciary by [ERISA]," applies to the word immediately preceding it (here, "liable"), and does not extend to or

11

include other words, phrases, or clauses that are more remote.[4] Moreover, "liability imposed on a fiduciary by [ERISA]," most logically modifies "liable," because the modifying phrase itself describes a form of *liability*. Thus, the exclusion covers only ERISA liability that is incurred by virtue of the fact that the insured is a fiduciary. This reading is bolstered by the fact that the modifying phrase, "because of liability imposed on a fiduciary by [ERISA]" describes a causal connection between a fiduciary and the liability incurred. In other words, but- for the unique liabilities imposed on fiduciaries under ERISA, the insured would not be liable, and the exclusion would not apply.

Having established that the ERISA Exclusion applies only to breach of fiduciary duty claims, the only remaining question is whether the underlying complaint alleges any claims that do not implicate the insured's fiduciary duties, thus triggering ISOP's duty to defend. Here, the underlying complaint alleges two distinct causes of action against Océ: one for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B), and another for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). Because the latter claim is excluded from coverage, the Court must now determine whether the recovery-of-benefits claim also falls within the ERISA Exclusion. It is true that the Court may not rely on legal labels to determine whether there is a duty to defend, *see Curtis-Universal*, 43 F.3d at 1122, but rather must determine whether it is clear from the face of the underlying complaint that the allegations state facts that bring the case within,

---

[4]This rule is generally applied in statutory interpretation as the "last antecedent doctrine." *See Board of Educ. v. Regional Bd. Of Sch. Trustees*, 481 N.E.2d 1266, 1271 (Ill. 1985); *see also O'Kane v. Apfel*, 224 F.3d 686, 690 (7th Cir. 2000).

or potentially within, the policy's coverage. *DER Travel Serv., Inc.*, 328 F.3d at 349 (citation omitted). But the underlying complaint has satisfied that burden here. Krase alleges that his wife had a right *under the policy* to personal notification of her conversion rights, and that Océ's failure to provide that notification constituted a breach of contract that entitles him to recover life insurance benefits. Underlying Compl. ¶ 12. As pleaded, Krase's recovery-of-benefits claim stems from his wife's *contractual rights* under the policy, not any general fiduciary duty owed by Océ. Accordingly, Krase's recovery of benefits claim is separate and distinct from Océ's duties as a fiduciary, and does not trigger the ERISA Exclusion.[5]

ISOP contends that even if the Court were to accept Océ's more limited reading of the ERISA Exclusion, ISOP has no duty to defend with respect to the recovery-of-benefits claim because Krase is not seeking "damages," as required by the Policy, but rather only seeks to recover amounts already due to him under the group life insurance plan. Pl.'s Reply Br. at 6-7. The Court need not wade into the morass of case law on whether recovery of benefits under ERISA constitutes relief in law or equity because the ISOP Policy does not use the term "damages" with this distinction in mind. Rather, "damages," as used in the Policy, plainly and ordinarily means any amount that the insured becomes legally obligated to pay because of a claim brought against it for a

---

[5]Whether Krase's recovery-of-benefits claim can succeed on the merits is another matter. But the Court does not decide the merits of the underlying claim when deciding whether a duty to defend exists. *See Universal Underwriters Ins. Co. v. LKQ Smart Parts, Inc.*, 963 N.E.2d 930, 946 (Ill. App. Ct. 2011) ("The duty of defense depends on the nature of the claim and has nothing to do with the merits of the claim." (internal quotation mark and citation omitted)).

13

wrongful act committed in the administration of the insured's employee benefit program. *See* ISOP Policy, Empl. Benefits End. ¶ A.1.a. Accordingly, the Court rejects ISOP's argument that Krase's recovery of benefits is excluded from coverage because he is supposedly not seeking "damages." Because Krase's alternative claim for recovery of benefits is entitled to defense and indemnification under the ISOP Policy, ISOP must defend Océ as to the entire Underlying Lawsuit. *Wilkin*, 578 N.E.2d at 930.

## C. Ambiguity

There is a second, independent basis for denying ISOP's motion for judgment on the pleadings: Even if it is not clear from the policy language that the ERISA Exclusion applies only to breach of fiduciary duty claims, ISOP still owes a duty to defend because the Exclusion is, at worst, ambiguous. Under Illinois law, an insurance policy that is ambiguous or susceptible to at least two reasonable interpretations must be construed in favor of the insured. *Loftis v. Vesta Cos.*, 686 N.E.2d 383, 385 (Ill. App. Ct. 1997) (citation omitted). Even assuming that ISOP's proposed interpretation of the ERISA Exclusion is a reasonable one, we must construe the policy language in favor of Océ, who has advanced a reasonable alternative reading. Thus, to the extent that the ERISA Exclusion is ambiguous, the policy language must be construed in favor of Océ, the insured, and judgment on the pleadings must be denied.

## IV. Conclusion

For the reasons discussed above, ISOP's motion for judgment on the pleadings [R. 13] is denied. On or before April 3, 2013, the parties must submit position papers stating their positions as to whether discovery is needed, or whether instead Defendant

14

Océ intends to itself move for judgment on the pleadings or for summary judgment.

The next status hearing remains scheduled for April 4, 2013, at 9:30 a.m.

ENTERED:

    s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 26, 2013