UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, </br></br>Plaintiff,</br></br>v.</br></br>OCÉ-USA HOLDINGS, INC.,</br></br>Defendant. | No. 12 C 04713</br></br>Judge Edmond E. Chang |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Insurance Company of the State of Pennsylvania (ISOP) filed this lawsuit against Océ-USA Holdings, Inc., seeking a declaration that it has no duty to defend or indemnify its insured, Océ, against a lawsuit filed in the U.S. District Court for the Northern District of Illinois encaptioned *Krase v. Océ-USA Holdings, Inc.*, No. 11 C 7659 (Underlying Lawsuit).[1] The Underlying Lawsuit arises from Océ's alleged failure to uphold its duties and obligations as an employee welfare benefit plan sponsor and administrator under the Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Following the Court's March 26, 2013 Memorandum Opinion and

---

[1]This Court has subject matter jurisdiction under 28 U.S.C. § 1332. Specifically, Plaintiff ISOP is a citizen of Pennsylvania and New York because it is incorporated in Pennsylvania and has its principal place of business in New York. R. 43, Second Am. Compl. ¶ 2. Defendant Océ is a citizen of Delaware and Illinois because it is incorporated in Delaware and has its principal place of business in Illinois. *Id.* ¶ 3. The amount in controversy requirement is satisfied because the potential cost of both defending and indemnifying Océ in the Underlying Lawsuit exceeds $75,000, which is not a "legally impossible" amount given the fact that Krase seeks $226,000 in life insurance benefits in the Underlying Lawsuit. *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011); *see also* Second Am. Compl. ¶ 17.

Order (March 26 Opinion), *see* R. 35, ISOP filed a Second Amended Complaint, which Océ now moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* R. 43, Second Am. Compl.; R. 44, Def.'s Mot. Dismiss. For the reasons below, Océ's motion is denied.

**I. Background**

The Court assumes the parties' familiarity with the allegations in the Underlying Lawsuit, which were set out in the Court's March 26 Opinion. *See* R. 35 at 3-4. In this case, ISOP originally alleged that it had no duty to indemnify or defend Océ under the ERISA Exclusion contained in Océ's commercial general liability policy's Employee Benefits Liability Insurance Endorsement. R. 9, First Am. Compl. ¶¶ 24-32. Specifically, ISOP alleged that the ERISA Exclusion excludes coverage for the Underlying Lawsuit because Krase's claims against Océ (brought pursuant to ERISA) arise solely from Océ's alleged violations of its fiduciary duties. *Id.* ¶¶ 28-29. ISOP then moved for judgment on the pleadings. R. 13. In the Court's March 26 Opinion, the Court denied ISOP's motion and held that (1) Krase's recovery-of-benefits claim stems from his spouse's contractual rights under her life insurance policy and does not trigger the ERISA Exclusion (which only excludes breach-of-fiduciary-duty claims); and (2) alternatively, the Exclusion policy language is ambiguous and must be construed in Océ's favor. *See* March 26 Opinion at 6-14.

After the Court issued the March 26 Opinion, ISOP filed a Second Amended Complaint, alleging that it has no duty to defend or indemnify Océ against both the Underlying Lawsuit and a new cross-claim filed against Océ by Life Insurance

2

Company of North America (LINA) in the Underlying Lawsuit. *See* Second Am. Compl. ¶¶ 4, 18-19, 34; *see also id.* at 8-10. This time, ISOP newly alleges that the definition of "wrongful act" in the policy's Employee Benefits Liability Insurance Endorsement excludes coverage. *See id.* ¶¶ 30-32. ISOP also again claims that the policy's ERISA Exclusion excludes coverage, but puts a different spin on this argument. ISOP alleges that Krase eventually dropped his recovery-of-benefits claim in the Underlying Lawsuit and the ERISA Exclusion now excludes his remaining fiduciary-duty claim from coverage. *See id.* ¶¶ 37-42. In response, Océ moves to dismiss ISOP's Second Amended Complaint for failure to state a claim upon which relief can be granted. R. 44.

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks and citation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III. Analysis

In Count One of its Second Amended Complaint, ISOP alleges that the Employee Benefits Liability Insurance Endorsement in Océ's insurance policy limits coverage to damages caused by any "wrongful act" of the insured, which is defined in the policy as "any actual or alleged negligent act, error or omission in the 'administration' of the Employee Benefits Plan." *See* R. 43-4, Pl.'s Exh. D, Employee Benefits Liability Insurance Endorsement ¶¶ A.1.a, G.6. And the Underlying Lawsuit, the allegation goes, brings a recovery-of-benefits claim that does not allege an underlying "negligent act, error or omission," so the Underlying Lawsuit is excluded from coverage. *See* Second Am. Compl. ¶ 32. In Count Two, ISOP essentially alleges that even if the recovery-of-benefits claim is based on a "negligent act, error or omission," external evidence shows that Krase dropped that claim in the Underlying Lawsuit, leaving only the breach-of-fiduciary-duty claim that is not covered under the

4

policy's ERISA Exclusion. *See id.* ¶¶ 37-42. Thus, if Océ's motion to dismiss is denied as to Count One, that count alone is sufficient to support a judgment in favor of ISOP if ISOP succeeds in an undoubtedly imminent motion for judgment on the pleadings. If Count One remains, Océ would find it difficult to overcome the policy's definition of "wrongful act" without conceding that there is no longer a recovery-of-benefits claim in the Underlying Lawsuit. But that concession itself also concedes that the only remaining claim in the Underlying Lawsuit is Krase's breach-of-fiduciary-duty claim, which this Court already held is excluded from coverage. Thus, the outcome of this case essentially turns on the outcome of Océ's motion as to Count One.

### A. Count One: "Wrongful Act"

In Count One, ISOP for the first time asserts that Krase's recovery-of-benefits claim in the Underlying Lawsuit is not based on a "negligent act, error or omission" and is thus excluded from coverage.[2] Second Am. Compl. ¶¶ 30-32. In support of this argument, ISOP cites to *Benefit Systems & Services, Inc. v. Travelers Casualty & Surety Co. of America*, 2009 WL 1106948 (N.D. Ill. Apr. 22, 2009). *Benefit Systems* is of course not binding, but it in turn does apply a binding Seventh Circuit case. *See id.*

---

[2]The Court notes that ISOP had at least three previous chances to assert the "wrongful act" theory contained in Count One: in its original Complaint, in its First Amended Complaint, and in its motion for judgment on the pleadings. But it did not, and now gets the benefit of filing what is essentially a motion to reconsider the March 26 Opinion without needing to clear the high bar that all motions to reconsider must meet. Océ, however, only hinted at a forfeiture or waiver argument in the introduction to its motion to dismiss, *see* R. 44, Def.'s Mot. Dismiss at 2, and never developed that argument at all during this entire round of briefing. What's more, Océ did not oppose ISOP's filing of its Second Amended Complaint on waiver or forfeiture grounds (or on any grounds). *See* R. 42. Because Océ never made the argument, the Court will consider ISOP's "wrongful act" theory now despite what might arguably be its belated assertion in this litigation.

5

at *6 (citing *Baylor Heating & Air Conditioning, Inc. v. Federated Mut. Ins. Co.*, 987 F.2d 415 (7th Cir. 1993)). In *Baylor Heating*, which neither party expressly discusses here, an employer (Baylor) stopped contributing to an employee pension fund based on the advice of the employer's counsel. 987 F.3d at 416. After the pension fund won a judgment against Baylor for the amount of the discontinued contributions, Baylor sued its insurer for coverage. As in this case, the insurance policy at issue in *Baylor Heating* covered only damages arising from "a negligent act, error or omission." *Id.* at 417. Baylor argued that the damages Baylor owed to the fund arose out of the negligent administration of Baylor's employee benefits plan. *Id.* On appeal, the Seventh Circuit held that Baylor's failure to make contributions to the pension fund was *not* a "negligent act, error or omission," so the insurer was not obligated to indemnify Baylor. *Id.* at 420. In so holding, the Seventh Circuit reasoned that Baylor's "liability to the pension fund is contractual." *Id.* at 419. Although Baylor argued that it genuinely believed (on advice of counsel) that it had no contractual obligation to contribute, the Seventh Circuit rejected this argument:

> [T]hese beliefs do not change the contractual nature of the obligation. . . . Under Baylor's logic, any default arising from a mistaken assumption regarding one's contractual liability could be transformed into an insured event. Indeed, refusing to pay a debt in reliance upon erroneous advice of counsel would convert a contractual debt into damage arising from a negligent omission. We dare not imagine the creative legal theories treading just short of malpractice and frivolity that could seek to transform contract obligations into insured events.

*Id.* at 419-20. Accordingly, the Seventh Circuit drew a bright line between duties imposed by contract and duties imposed by a common-law duty of care: "There is a

well-recognized line of demarcation between negligent acts and breaches of contract." *Id.* at 420.

Under *Baylor Heating*—which, to repeat, applied the same policy language as in this case—Count One plausibly alleges that Krase's recovery-of-benefits claim in the Underlying Lawsuit is excluded from coverage. In the Underlying Lawsuit, Krase alleged that Océ denied his claim for his deceased spouse's life insurance benefits; he appealed several times but Océ denied his appeal at each turn. R. 43-1, Pl.'s Exh. A ¶¶ 18-20. He therefore brought the Underlying Lawsuit pursuant to ERISA, alleging that he "is entitled to at least the terminal illness benefit under the Policy." *Id.* ¶ 21. At bottom, this is a claim that Océ refused to honor the terms of a group life insurance policy, which obligated Océ to pay Krase benefits. That is a breach-of-contract claim that arises out of Krase's group life insurance policy with Océ, not out of a common-law duty of care.[3] *See Krolnik v. Prudential Ins. Co. of Am.*, 570 F.3d 841, 843 (7th Cir. 2009) ("The [Supreme] Court repeatedly wrote that litigation under ERISA by plan participants seeking benefits should be conducted just like contract litigation, for the

---

[3]Even the possible counterexample that the court of appeals mentioned in *Baylor Heating*—and it is just that, a *possible* counterexample—illustrates the difference between a duty to uphold the terms of a contract and a common-law duty to take reasonable care. *See* 987 F.2d at 120 n.8 ("If, for example, Baylor had negligently failed to enroll an employee in the pension plan and was subsequently sued by that employee for his pension benefits, there might be an argument that Baylor had suffered damage resulting from negligence."). A negligence action against an employer who negligently fails to enroll the employee would presumably be based on that employer's breach of a common-law duty of care and would seek damages for that negligence, while a breach-of-contract suit against an employer who wrongfully denies life insurance benefits would be based on that employer's breach of the life insurance policy and would seek the amount of the withheld benefits. The two suits are different because the *sources* of the duties are different.

7

plan and any insurance policy are contracts." (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 112-13 (1989))). And under *Baylor Heating*, an intentional breach of contract is not a negligent act that triggers coverage. *See* 987 F.2d at 419-20.

Océ asserts that Krase's recovery-of-benefits claim does allege a wrongful act, pointing to Krase's allegations that Océ negligently failed to provide Krase's spouse with the required notice before denying Krase life insurance benefits. *See* R. 51, Def.'s Reply at 6; *see also* Pl.'s Exh. A ¶¶ 13, 19. Océ overstates the role those allegations play in Krase's claim. In his claim, Krase alleges that Océ's intentional decision to deny him benefits is wrong *because* he never received the required notices. But the reason why Krase believes Océ erred does not change the fact that he still claims that Océ denied him benefits that his life insurance policy *promised* would be paid. At their heart, those allegations are contractual in nature. Another way to think about it is that Océ's failure to provide him the required notice, as alleged in the Underlying Lawsuit, is not an independent cause of action. Indeed, had Océ paid Krase benefits *despite* not providing his spouse notice, Krase would not have brought his recovery-of-benefits claim in the first place. And even if Océ's duty to provide notice *was* an independent source of liability, that duty still arises out of the life insurance policy it issued—a contract—and not out of a common-law duty of care. *See, e.g.*, Pl.'s Exh. A ¶ 17 ("Because Sandra Hansen-Krase was never personally informed of her conversion rights or the terminal illness benefit under the Policy, *as required by its terms*, she did not submit an application to either convert the Policy or to apply to receive terminal illness benefits." (emphasis added)); *id.* ¶ 19 ("Donald Krase . . . informed Océ that

8

neither he nor Sandra Hansen-Krase had ever received notice of her conversion rights *under the Policy*." (emphasis added)). Krase's allegations that Océ failed to provide the required notice does not change the conclusion that the Underlying Lawsuit ultimately seeks life insurance benefits resulting from Océ's breach of contract.

*Just v. Accu-Turn, Inc.*, 2012 WL 1067106 (E.D. Wis. Mar. 28, 2012), which Océ relies on in its reply, *see* Def.'s Reply at 5-6, actually highlights the importance of the source of the duty owed by an employer to a benefits claimant. In *Just*, the benefits claimant sued his former employer alleging that the employer failed to provide him the required notice and refused to accept his insurance premium. *Id.* at *1. After the employer's insurer intervened to seek a declaration that there was no duty to defend, the district court held in favor of the insurer because an ERISA exclusion applied. *Id.* It is true that *Just* did reason that a failure to provide the required notice was a negligent act that triggered an initial grant of coverage under the same "negligent act, error or omission" language as in this case. *See id.* at *4. But in *Just*, unlike in this case, the claims alleging that the employer failed to provide the required notice were based on breaches of *statutory* duties (a violation of COBRA and a violation of Department of Labor regulations), not *contractual* duties. *See id.* Thus, unlike in this case, those statutes *did* give rise to independent causes of action against the employer for failing to provide the required notice. *Id.* In fact, the failure-to-notify claims were entirely separate counts of the complaint rather than simply factual allegations supporting a recovery-of-benefits claim. *See id. Just* therefore does not support the principle that Krase's allegations that Océ failed to satisfy its *contractual* duty to

provide notice are sufficient, standing alone, to allege a negligent act and trigger ISOP's duty to indemnify or defend. Nor does *Just* provide a reason why *Baylor Heating* does not control.

Accordingly, Océ's motion to dismiss Count One is denied as to the Underlying Lawsuit filed by Krase. And because the parties agree that the LINA cross-claim rises and falls with the Underlying Lawsuit,[4] *see, e.g.*, Def.'s Mot. Dismiss at 4 ("LINA's cross-claim seeks indemnification from Océ for the same claim for benefits."), Océ's motion to dismiss Count One is also denied as to the LINA cross-claim.

### B. Count Two: ERISA Exclusion

Although Océ's motion to dismiss is denied as to Count One, and Count One alone is sufficient to support a judgment in ISOP's favor if it prevails on a motion for judgment on the pleadings as to that count (as discussed above), it is worth touching on Count Two for the sake of completeness. In Count Two of the Second Amended Complaint, ISOP alleges that extrinsic evidence shows that the only live claim in the Underlying Lawsuit is a breach-of-fiduciary-duty claim because Krase withdrew his recovery-of-benefits claim. *See* Second Am. Compl. ¶¶ 37-42. Specifically, the Second Amended Complaint points to Océ's brief in support of its motion to dismiss the LINA cross-claim where Océ argued that Krase dropped his recovery-of-benefits claim. *See id.* ¶ 22. And according to Count Two, ISOP has no duty to indemnify or defend Océ

---

[4]Although Océ might have argued that ISOP has a separate duty to indemnify or defend Océ against the LINA cross-claim, perhaps under the group life insurance policy that LINA underwrote or some other provision of the ISOP commercial general liability policy, Océ did not make that argument.

because the policy's ERISA Exclusion excludes the remaining breach-of-fiduciary duty claims, as this Court previously held in its March 26 Opinion.

Generally, under Illinois law,[5] the Court must compare the allegations of the underlying complaint against the insured to the insurance policy. *Lapham-Hickey Steel Corp. v. Prot. Mut. Ins. Co.*, 655 N.E.2d 842, 847 (Ill. 1995) (citation omitted). But that does not mean the Court is restricted to the four corners of the underlying complaint. Rather, "under certain circumstances, [a court may] look beyond the underlying complaint in order to determine an insurer's duty to defend." *Pekin Ins. Co. v. Wilson*, 930 N.E.2d 1011, 1019 (Ill. 2010). One of those circumstances is if the extrinsic evidence does not resolve any issue critical to the underlying lawsuit. *Id.* at 1023 (citations omitted). The type of extrinsic evidence that the Court may consider, however, is limited by the case's procedural posture. *Compare id.* at 1021-24 (reviewing pleadings—the answer and counterclaim in the underlying lawsuit—in affirming a reversal of a grant of judgment on the pleadings), *with Fid. & Cas. Co. of N.Y. v. Envirodyne Eng'rs, Inc.*, 461 N.E.2d 471, 472, 473-74 (Ill. App. Ct. 1983) (reviewing a contract and a deposition in affirming a grant of summary judgment). Because this case is currently at the motion-to-dismiss stage (and will undoubtedly progress to the motion-for-judgment-on-the-pleadings stage soon), under *Pekin*, the only extrinsic

---

[5]The Court must apply state substantive law in diversity cases. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Here, the ISOP policy is silent as to which state's law governs, but because both parties assume that Illinois law governs this coverage dispute, the Court will join in that assumption. *Gould v. Artisoft, Inc.*, 1 F.3d 544, 549 n.7 (7th Cir. 1993).

evidence that this Court may review now is the parties' pleadings in the underlying lawsuit.[6]

The extrinsic evidence that ISOP asks the Court to consider is this argument in Océ's brief filed in support of its motion to dismiss the LINA cross-claim: "Plaintiffs, through a request to admit response, specifically admitted that it never asserted a §502(a)(1)(B) [recovery-of-benefits] claim against Océ, but instead only sought relief for breach of fiduciary duty against Océ pursuant to §502(a)(3)." Second Am. Compl. ¶ 22. Although briefs are not pleadings (and thus cannot be considered now), *Entrust Mgmt. Co. v. Gold*, 1986 WL 5668, at *1 n.1 (N.D. Ill. May 1, 1986), the Océ brief refers to Krase's response to a request to admit, where Krase allegedly withdrew his recovery-of-benefits claim. Interestingly, Illinois law suggests that a voluntary dismissal of an entire complaint does not necessarily discharge an insurer's duty to defend. *See Pekin Ins. Co. v. Pulte Home Corp.*, 800 N.E.2d 466, 471-72 (Ill. App. Ct. 2003) (interpreting identical policy language to Pl.'s Exh. D, Employee Benefits Liability Insurance Endorsement ¶ A.1.a). So that leaves open at least two questions that neither party has addressed: (1) whether withdrawing a claim in a response to a request to admit, under Illinois law, is the equivalent of withdrawing a claim by way of a voluntary dismissal of a complaint or even a filing of an amended complaint (which is a pleading);

---

[6]As in federal court, a motion for judgment on the pleadings in Illinois state court is limited to the pleadings. *Compare N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) ("As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone." (citations omitted)), *with Pekin*, 930 N.E.2d at 1016 ("A motion for judgment on the pleadings is . . . limited to the pleadings." (citation omitted)).

12

and (2) if so, whether withdrawing a single claim is different from voluntarily dismissing an entire complaint such that it *could* discharge an insurer's duty to defend. (Either way, ISOP may still have a duty to defend Océ for the litigation that occurred *before* Krase filed his response to the request to admit.) But given the Court's decision on Océ's motion to dismiss as to Count One, and the likelihood that ISOP will be filing a new motion for judgment on the pleadings based on that count, the Court will leave these questions open.

## IV. Conclusion

For the reasons discussed above, Océ's motion to dismiss is denied. The next status hearing remains scheduled for November 13, 2013, at 9:30 a.m.

ENTERED:

    s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: November 7, 2013